IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMIAH JAMES JENSEN,

      Plaintiff,      OPINION AND ORDER

 v.

                 22-cv-14-wmc

JODY and
NURSE LISA GUNNUFSON,[1]

      Defendants.

---

*Pro se* plaintiff Jeremiah James Jensen was granted leave to proceed on claims under the Fourteenth Amendment and state-law negligence, all of which arise out of injuries he allegedly suffered after slipping and falling on the kitchen floor in the Rock County Jail. Pending before the court are defendants' motions to dismiss Jensen's claims on the grounds that they are time-barred.[2] (Dkt. ## 22, 27.) For the following reasons, the court will dismiss plaintiff's state-law claims, but not his federal constitutional claim against Nurse Lisa Gunnufson.

---

[1] The court has amended the caption to reflect defendant Nurse Lisa Gunnufson's full name as indicated in her answer. (Dkt. #13.)

[2] Nurse Lisa Gunnufson alternatively seeks dismissal on two additional grounds. First, she seeks dismissal for failure to prosecute (dkt. #28 at 4-5), but that ground for relief is now moot. Although Jensen failed to respond to defendants' motions by his initial deadline because of issues receiving his mail (dkt. #36), he has since responded and notified the court of his current address (dkt. #44). Second, she seeks dismissal of Jenson's negligence claim for failure to comply with mediation requirements under Wis. Stat. Ch. 655 (dkt. #14), but it is not clear that she falls within the statute's definition of a health care provider, *see* Wis. Stat. § 655.002(1) ("health care provider" includes physicians and nurse anesthetists). Regardless, as discussed below, Jenson's negligence claims are time-barred, so the court need not reach this issue.

ALLEGATIONS OF FACT[3]

Jensen claims that he slipped and fell in the Rock County Jail's kitchen area in July of 2017, hitting his head, shoulder and back, and feeling immediate, severe pain throughout his upper body. He further claims that despite his having specifically warned a Rock County employee, defendant "Jody," before his accident of the need to place non-slip mats around all the kitchen workstations, she refused.

After his fall, Jail Nurse Lisa Gunnufson and an officer took Jensen to the jail's health services unit, where Gunnufson offered Jensen ice and ibuprofen but refused to send him to the hospital for additional treatment. Later that same day, Jensen again asked to see a doctor, but was once again refused any additional treatment.

Jensen was released from jail two weeks later, at which time he reports going to the hospital on his own where x-ray imaging revealed that he had suffered Grade 5 AC joint separation in his shoulder. Jensen further alleges that he requires surgery, and that since his injury, his physical capabilities have not only diminished, but he continues to experience neck, shoulder, and back issues that have made it difficult for him to continue working as a metal fabricator and welder.

On January 7, 2022, more than four and a half years after his slip and fall, Jensen filed a civil rights lawsuit against defendants in this court based on these events. He also seeks compensation for pain and suffering, loss of wages, and his medical bills.

---

[3] The court draws the following facts from Jensen's complaint. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all well-pleaded facts in the complaint and draw[s] all reasonable inference in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted).

OPINION

**I. Timeliness of plaintiff's state-law negligence claims**

The court will dismiss as untimely plaintiff's state-law claims against Jody and Gunnufson. In 2017, claims for negligent personal injury were barred at three years. Wis. Stat. § 893.54. Wisconsin law also stated that common law medical malpractice actions were subject to the *later of* a three-year statute of limitations from the date of injury or a one-year discovery rule and five-year statute of repose. Wis. Stat. § 893.55(1m).

Plaintiff alleges in his complaint that he was injured in July 2017, then learned of the extent of his shoulder injury about two weeks later but did not file this lawsuit for another four and a half years. Thus, on the face of his original pleading, plaintiff's state law negligence claims are time-barred.

In response to defendants' motions, however, plaintiff claims that his 2017 "injury wasn't made known until" 2022. (Dkt. #38 at 1.) He explains that he mistakenly alleged in his complaint that he saw a doctor about his shoulder injury upon his release in 2017 and he now claims to have suffered a previous AC joint separation injury in the shoulder that he reinjured in 2017, but that injury was not diagnosed until March or April 2022. (Dkt. ##38, 41, 44.)

Unfortunately for plaintiff, even if he did not receive a formal diagnosis confirming the *extent* of his injury until 2022, he plainly alleges his awareness of the factual bases of his negligence claims against these defendants in 2017. Indeed, as pleaded, plaintiff knew that Jody had not used non-slip mats and that he had injured his

3

head, neck, and shoulder, and was experiencing severe pain. He also knew then that defendant Gunnufson would provide only ibuprofen and ice after repeatedly refusing his requests for more treatment, *and* he has continued to have "neck, shoulder and back issues" since 2017. (Dkt. #1 at 3.) Plaintiff thus had enough "information that would give a reasonable person notice of [his] injury and its cause" in 2017, *Claypool v. Levin*, 209 Wis. 2d 284, 300, 562 N.W.2d 584, 590 (1997), and "[t]he statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later," *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994). Plaintiff's state-law claims must therefore be dismissed.

## II. Federal Constitutional Claim

The court will not dismiss plaintiff's Fourteenth Amendment claim against defendant Gunnufson because it is not plainly barred by the applicable statute of limitation. Specifically, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The applicable residual statute for § 1983 claims in Wisconsin is found at Wis. Stat. § 893.53. *See Hemberger v. Bitzer*, 216 Wis. 2d 509, 519, 574 N.W.2d 656 (1998) ("[W]e hold that Wis. Stat. § 893.53, providing a six-year statute of limitations, is Wisconsin's general and residual personal injury statute of limitations. Therefore, it is applicable to claims brought under 42 U.S.C. § 1983."). Although the Wisconsin Legislature changed this statute of limitations in 2018 from 6 to 3 years, plaintiff's § 1983 claim is still subject to the residual 6-year limit in effect in 2017 when the events

in question occurred. *See Gutter v. Seamandel*, 103 Wis. 2d 1, 18, 308 N.W.2d 403 (1981) (absent express statutory language or legislative intent stating that a new statute of limitations has retroactive effect, "this court would not apply the new statute of limitations to causes of action accruing prior to the effective date of the statute").

## CONCLUSION

In sum, plaintiff's state-law claims will be dismissed against both defendants. Moreover, since plaintiff is only proceeding on a state-law claim against Jody, that defendant will be dismissed from the lawsuit. However, at least for pleading purposes, plaintiff's Fourteenth Amendment claim against Gunnufson will proceed.[4]

## ORDER

IT IS ORDERED that:

1) The case caption is amended to reflect defendant Nurse Lisa Gunnufson's full name as indicated in her answer.

2) Defendant Jody's motion to dismiss (dkt. #22) is GRANTED. Jody is DISMISSED from this lawsuit.

3) Defendant Gunnufson's partial motion to dismiss for failure to comply with the mediation requirement of Wis. Stat. § 655 (dkt. #14) is DENIED.

---

[4] The court assumed for purposes of screening that plaintiff was a pretrial detainee. However, if further factual development reveals that plaintiff was serving a sentence post-conviction, his claim will be analyzed under the more demanding Eighth Amendment standard for deliberate indifference. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (constitutional rights of pretrial detainees are "derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners").

4) Defendant Gunnufson's motion to dismiss for failure to comply with the applicable statute of limitations and for failure to comply with a court order (dkt. #27) is GRANTED in part as follows: plaintiff's state-law medical negligence claim against Gunnufson is DISMISSED.

Entered this 22nd day of February, 2023.

                         BY THE COURT:

                         /s/

                         _____
                         WILLIAM M. CONLEY
                         District Judge